UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ONI DAERICK RUIZ MARTINEZ,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-961-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Oni Daerick Ruiz Martinez, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Ruiz Martinez is a native and citizen of Honduras who was admitted into the United States as a lawful permanent resident in 2013. ECF 8-1 at 5. On August 24, 2022, he was convicted of carrying a handgun without a permit in violation of Indiana Code § 35-47-2-1 and sentenced to one year of imprisonment. *Id.* On June 11, 2026, he was arrested in Indiana for violating child support orders and a community corrections commitment. *Id.* at 3. He posted bond in that case and was transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. *Id.* at 3-4, 9. On June 14, 2026, ICE served him with a notice to appear charging him as removable under 8 U.S.C. § 1227(a)(2)(C) as an alien who committed a firearm offense. *Id.* at 5-8.

Mr. Ruiz Martinez is currently detained at Miami Correctional Facility. He filed this habeas petition, asserting he faces unlawful detention under 8 U.S.C. § 1226(a) because he was arrested without a warrant and has not received a bond hearing. In his response, the warden asserts Mr. Ruiz Martinez's detention is lawful because he is detained under § 1226(c), not § 1226(a).

Here, the undisputed facts show Mr. Ruiz Martinez is being detained under § 1226(c), which provides for mandatory detention without the possibility for release on bond. *See* 8 U.S.C. § 1226(c) (providing that "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed" a firearms offense under § 1227(a)(2)(C)) (emphasis added). Specifically, it is undisputed Mr. Ruiz Martinez was charged in removal proceedings with being deportable under § 1227(a)(2)(C) based on his conviction for a firearm offense. Mr. Ruiz Martinez does not dispute that he is detained under § 1226(c), nor does he dispute that his conviction for carrying a handgun without a permit is a qualifying offense. Moreover, the Seventh Circuit previously has recognized that a conviction for carrying a handgun without a permit is a qualifying offense under § 1227(a)(2)(C). *See Minga v. Holder*, 409 F. App'x 942, 944 (7th Cir. 2011) (recognizing that the petitioner's conviction for carrying a handgun without a license rendered him removable under § 1227(a)(2)(C)). Mr. Ruiz Martinez asserts he is nevertheless entitled to a bond hearing, but he does not dispute that § 1226(c) provides for mandatory detention without the possibility for bond, nor does he argue that § 1226(c)'s mandatory detention provision is unconstitutional. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings

[pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Demore*, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. 538 U.S. at 523-26, 531. Accordingly, because the record shows Mr. Ruiz Martinez is subject to mandatory detention under § 1226(c) without the possibility for bond, he has not shown his ongoing detention violates his constitutional rights and there is no reasonable basis for the court to order a bond hearing.

Mr. Ruiz Martinez also argues his detention is unlawful because the administrative warrant for his arrest was invalid, as: (1) the warrant contains no "information" about the signing officer at the time of signature, aside from the officer's name and title; (2) the reported location of service is not where he was actually arrested; and (3) the administrative warrant was erroneously issued before his notice to appear was issued. ECF 9 at 3-7.

Here, even assuming the administrative warrant authorizing Mr. Ruiz Martinez's arrest was defective, that defect would establish at most that his initial arrest was unlawful; it would not establish that he is entitled to release from his present detention. *See Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). As the Seventh Circuit explained, "if there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal," and the court applies "the same principle,

distinguishing illegal arrest from illegal detention, in deportation cases." *Id.* at 1143. Thus, when removal proceedings are commenced with reasonable promptness following an allegedly unlawful arrest, the arrest does not furnish a basis for habeas release. *Id.* at 1143–44; *see also United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that habeas determines whether a prisoner may be lawfully detained in custody and that a prisoner therefore "is not to be discharged for defects in the original arrest or commitment" when sufficient grounds for detention exist); *Gonzalez-Martinez v. English*, No. 3:26-CV-655-CCB-SJF, 2026 WL 1730052, at *2 (N.D. Ind. June 15, 2026) ("an unlawful arrest does not invalidate a subsequent detention that is otherwise authorized."); *Cruz Rodriguez v. Olson*, 814 F. Supp.3d 945, 955 (N.D. Ill. 2026) (holding under *Arias* that an allegedly warrantless immigration arrest did not entitle the petitioner to habeas release after removal proceedings had begun). Accordingly, the relevant question is not whether every requirement attending Mr. Ruiz Martinez's initial arrest was satisfied, but whether the alleged defects in that arrest render his present detention unlawful.

They do not. ICE initiated removal proceedings against Mr. Ruiz Martinez just three days after his arrest. ECF 8-1 at 5. He was then properly subjected to mandatory detention under § 1226(c) while his removal proceedings were ongoing due to his conviction of a firearm offense. In his habeas petition and reply, Mr. Ruiz Martinez identifies no defect in this present basis for detention independent of the alleged deficiencies surrounding his initial arrest. Under *Arias* and *Bilokumsky*, those alleged

deficiencies therefore do not entitle him to release on habeas. *See Arias*, 676 F.2d at 1143 ("It is of course possible that the detention might be legal although the arrest was not.").

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 2) and directs the clerk to close this case.

SO ORDERED on September 28, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT